# In the United States Court of Federal Claims

No. 18-887C

(E-Filed: September 13, 2018)[1]

| | |
|---|---|
| AGILITY DGS LOGISTICS SERVICES CO. KSC(C), ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant, ) ) ANHAM FZCO, ) ) Intervenor-defendant, ) ) and ) ) KGL FOOD SERVICES WLL, ) ) Intervenor-defendant. ) ) | Motion to Dismiss; RCFC 12(b)(1); Lack of Subject Matter Jurisdiction; Lack of Standing. |

Christopher R. Yukins, Washington, DC, for plaintiff. Steven S. Diamond and Nathaniel E. Castellano, of counsel.

Daniel S. Herzfeld, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of

---

[1] This opinion was issued under seal on August 16, 2018. Pursuant to ¶ 7 of the ordering language, the parties were invited to identify source selection, proprietary or confidential material subject to deletion on the basis that the material was protected/privileged. No redactions were proposed by the parties. Thus, the sealed and public versions of this opinion are identical, except for the publication date and this footnote.

Justice, Washington, DC, for defendant.  Daniel K. Poling, Associate General Counsel, David Nolte, Associate General Counsel, R. Zen Schaper, Senior Counsel, and Cathleen Choromanski, Assistant Counsel, Defense Logistics Agency, of counsel.
Eric J. Marcotte, Washington, DC, for intervenor-defendant ANHAM FZCO.  Kelly E. Buroker, Tamara Droubi, Jeffrey M. Lowry, Richard P. Rector, C. Bradford Jorgensen, Eric P. Roberson, of counsel.

John E. McCarthy Jr., Washington, DC, for intervenor-defendant KGL Food Services WLL.  David C. Hammond, Mark A. Ries, Robert J. Sneckenberg, Sharmistha Das, Charles Baek, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

On July 17, 2018, defendant, ANHAM FZCO (ANHAM), and KGL Food Services WLL (KGL) filed motions to dismiss plaintiff's amended complaint (ECF No. 15), and motions for judgment on the administrative record in this bid protest case.  See ECF No. 47 (ANHAM's motions); ECF No. 48 (KGL's motions); ECF No. 49 (defendant's motions).  On July 27, 2018, plaintiff filed a cross-motion for judgment on the administrative record, and a response to the three motions to dismiss and motions on the administrative record.  See ECF No. 51.  Also before the court are:  (1) the responses to plaintiff's cross motion for judgment on the administrative record and replies in support of the motions to dismiss and motions on the administrative record filed by defendant, ANHAM, and KGL, ECF No. 53 (KGL's reply and response); ECF No. 54 (ANHAM's reply and response); ECF No. 55 (defendant's reply and response); and (2) plaintiff's reply in support of its motion for judgment on the administrative record, ECF No. 62.  The motions are now ripe for ruling.  Oral argument was neither requested by the parties, nor required by the court.  For the following reasons, the motions to dismiss are **GRANTED**, and the motions for judgment on the administrative record are **DENIED** as moot.

I. Background

As alleged by plaintiff in its amended complaint, this action "is a pre-award bid protest challenging a prospective award under Solicitation No. SPE300-15-R-0042 (the "Solicitation"), issued by the U.S. Defense Logistics Agency—Troop Support . . . for a Subsistence Prime Vendor . . . to supply military and other customers located throughout the Iraq, Jordan, and Kuwait region . . . , as amended to include Syria." ECF No. 15 at 2.  The solicitation was initially issued on December 18, 2015, see id. at 3, and award was ultimately made to KGL on January 12, 2018, see id. at 6.  Plaintiff did not submit an offer, "as it was not eligible to do so due to ongoing suspension proceedings which were under negotiation with the government." Id. at 4.

2

Following the award, ANHAM, and another unsuccessful offeror, each filed a protest challenging the award with the Government Accountability Office (GAO). See id. at 6. ANHAM's protest was partially successful, while the other protest was dismissed. See id. As a result of ANHAM's successful protest, defendant undertook corrective action, as recommended by the GAO. See id. at 8. According to plaintiff, the corrective action is "very limited[,] . . . calling for re-evaluation of the procurement's Experience and Past Performance factors," and not allowing revisions. Id. Plaintiff further alleges that defendant "required offerors to extend their offered pricing for an additional 240 days in order to remain eligible for award." Id. Plaintiff made multiple appeals to the agency asking that it re-open competition, rather than simply re-evaluate existing proposals. See id. at 10. In May 2017, Agility "regained its eligibility to compete pursuant to an Administrative Agreement," and it wished to submit an offer under the solicitation. Id. at 4. The agency did not respond to plaintiff's requests. See id. at 10.

In this case, plaintiff alleges that the agency's failure to agree to re-open the solicitation to allow for new offerors to participate violates the Competition in Contracting Act's (CICA) "mandate for full and open competition." Id. at 13 (citing 41 U.S.C. § 3301(a) (2012)). Therefore, plaintiff filed "this protest challenging [the agency's] unreasonable and unlawful decision to proceed under the Solicitation without reopening the competition." Id. at 11.

II.     Legal Standards

Defendant and both intervenor-defendants allege that the court should dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), on the basis that plaintiff lacks standing to bring its claims. See ECF No. 47-1 at 12-15; ECF No. 48 at 3-5; ECF No. 49 at 17-22. Plaintiff bears the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. See Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). To determine whether plaintiff has carried this burden, the court accepts "as true all undisputed facts asserted in the plaintiff's complaint and draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)).

This court's jurisdiction is based on the Tucker Act, which states, in relevant part, that the Court of Federal Claims has jurisdiction:

> to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of

3

statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1) (2012).

Under this section, a plaintiff must demonstrate that it is an "interested party," in order to establish this court's jurisdiction. As the United States Court of Appeals for the Federal Circuit has held, the "interested party" requirement in the Tucker Act "imposes more stringent standing requirements than Article III." Weeks Marine, Inc. v. United States, 575 F.3d 1352, 1359 (Fed. Cir. 2009). Though the term "interested party" is not defined by the statute, courts have construed it to require that a protestor "establish that it '(1) is an actual or prospective bidder and (2) possess[es] the requisite direct economic interest.'" See id. (citing Rex Serv. Corp. v. United States, 448 F.3d 1305, 1308 (Fed. Cir. 2006) (alteration in original)).

Plaintiff admits that it was not an actual bidder in this case. See ECF No. 15 at 4. In order to establish prospective bidder status, plaintiff "must be expecting to submit an offer prior to the closing date of the solicitation." MCI Telecomm'ns Corp. v. United States, 878 F.2d 362, 365 (Fed. Cir. 1989) (emphasis in original).[2] See also Digitalis Educ. Sols., Inc. v. United States, 664 F.3d 1380, 1384 (Fed. Cir. 2012) (quoting MCI, 878 F.2d at 365). As the Federal Circuit has explained, "[a]fter the date for submission of proposals has passed, . . . the would-be protestor can no longer realistically expect to submit a bid on the proposed contract, and, therefore, cannot achieve prospective bidderhood with regard to the original solicitation."[3] MCI, 878 F.2d at 365.

Plaintiff also must demonstrate sufficient economic interest to support standing. To do so, plaintiff "must show that there was a 'substantial chance' it would have received the contract award but for the alleged error in the procurement process." Info. Tech. & Applications Corp. v. United States, 316 F.3d 1312, 1319 (Fed. Cir. 2003)

---

[2]  The Federal Circuit has explained that: "[i]n MCI Telecommunications Corp. v. United States, [878 F.2d 362 (Fed. Cir. 1989)], we considered the meaning of 'prospective bidder' within the now-defunct Brooks Act, 40 U.S.C. § 759(f)(9)(B), which included a definition of 'interested party' identical to the definition in CICA." CGI Fed. Inc. v. United States, 779 F.3d 1346, 1348-49 (Fed. Cir. 2015).

[3]  This court has recognized limited exceptions to this formulation of prospective bidder status, where plaintiff alleges either pervasive illegality or where the awardee was the only acceptable offeror, such that resolicitation is "necessarily the appropriate remedy." See Omran Holding Grp. v. United States, 128 Fed. Cl. 273, 282 (2016). Plaintiff does not allege either of these circumstances in its amended complaint or its briefing now before the court.

(citing Alfa Laval Separation, Inc. v. United States, 175 F.3d 1365, 1367 (Fed. Cir. 1999)).  If the court determines that plaintiff lacks standing, and thus that the court lacks jurisdiction, it must dismiss the case.  See RCFC 12(h)(3).

III.    Analysis

In their motions to dismiss, defendant and both intervenor-defendants argue that plaintiff lacks standing to bring this case because it cannot establish that it was either an actual or a prospective bidder.  As noted above, plaintiff acknowledges that it was not an actual bidder.  See ECF No. 15 at 4.  Defendant and intervenor-defendants contend that plaintiff cannot demonstrate prospective bidder status because the offer period for the solicitation is closed.  See ECF No. 47-1 at 12-15; ECF No. 48 at 3-5; ECF No. 49 at 17-20.

In response, plaintiff argues that it qualifies as a prospective bidder because it intends to submit a bid if the solicitation is re-opened.  Specifically, plaintiff asserts that the court should allow it to proceed as a prospective bidder pursuant to the holding set forth in Savantage Financial Services, Inc. v. United States, 81 Fed. Cl. 300 (2008).  See ECF No. 51-1 at 20-21.  In Savantage, only a limited group of contractors were permitted to submit offers under the subject solicitation.  See 81 Fed. Cl. at 303.  When evaluating the protestor's standing, the court explained:

> Where a claim is made that the government violated CICA by refusing to engage in a competitive procurement, . . . the Court of Federal Claims has held that "it is sufficient for standing purposes if the plaintiff shows that it likely would have competed for the contract had the government publicly invited bids or requested proposals."

Id. at 306 (citing CCL, Inc. v. United States, 39 Fed. Cl. 780, 790 (1997)).  According to plaintiff, because it alleges a violation of CICA in the amended complaint, it should be considered a prospective bidder so long as it would submit a proposal under a re-opened procurement.  See ECF No. 51-1 at 21-22 (collecting cases in which the court found that a protestor had standing as a prospective bidder when it was improperly prevented from competing due to a deficiency in the initial solicitation and when the protestor would be eligible to compete under a re-opened procurement).

The problem with plaintiff's argument is that in its amended complaint, plaintiff does not allege that it was improperly excluded from competing under the initial solicitation on the basis of a CICA violation, or any other deficiency in the procurement process.  Instead, it argues that a failure to re-open the solicitation would itself be a CICA violation.  See ECF No. 15 at 13-15.  None of the cases on which plaintiff purports to rely supports standing in the present circumstances.  As the Federal Circuit has explained, a protestor's "stated intention to submit a proposal in response to any resolicitation, and its efforts to secure resolicitation by filing a protest, do nothing to create the necessary

interested party status." MCI, 878 F.2d at 364-65. See also Fed. Data Corp. v. United States, 911 F.2d 699, 704 (Fed. Cir. 1990) (quoting MCI); United States v. Int'l Bus. Machs. Corp., 892 F.2d 1006, 1011 (Fed. Cir. 1990) ("The speculative prospect of cancellation of the solicitation and initiation of a new one is insufficient to suffuse all other bidders with the requisite interest to support standing."); CGI Fed. Inc. v. United States, 779 F.3d 1346, 1349 (Fed. Cir. 2015) ("'[A] 'prospective bidder' 'does not include one who only intends to bid in the event of reprocurement.'") (citation omitted).

In this case, plaintiff acknowledges that it did not submit a proposal in response to the solicitation due to its suspension. See ECF No. 15 at 4. It makes no showing that any improprieties on defendant's part prevented it from competing. As such, plaintiff cannot show that it is a prospective bidder for the purposes of establishing standing.

The parties make additional arguments in their motions to dismiss with regard to whether plaintiff's economic interest in this litigation supports standing, and whether plaintiff has waived any right to protest. However, because plaintiff has failed to demonstrate that it is either an actual or prospective bidder, the court finds it is unnecessary to proceed any further in its analysis.[4]

IV.    Conclusion

For the foregoing reasons:

(1)    ANHAM's motion to dismiss and motion for judgment on the administrative record, ECF No. 47, is **GRANTED in part**, as to ANHAM's motion to dismiss; and, **DENIED in part** as moot, as to ANHAM's motion for judgment on the administrative record;

(2)    KGL's motion to dismiss and motion for judgment on the administrative record, ECF No. 48, is **GRANTED in part**, as to KGL's motion to dismiss; and, **DENIED in part** as moot, as to KGL's motion for judgment on the administrative record;

---

[4]    On August 15, 2018, plaintiff filed its reply in support of its cross-motion for judgment on the administrative record. See ECF No. 62. Therein, plaintiff included extended, additional argument in opposition to defendant's and intervenor-defendants' motions to dismiss. Plaintiff did not seek, and the court did not grant, leave for plaintiff to file a sur-reply with regard to those motions. Notwithstanding this liberty, the court has reviewed plaintiff's argument, and concludes that it does not fundamentally alter the evaluation of the briefs on the motions to dismiss that are properly before the court.

(3) Defendant's motion to dismiss, or alternatively, motion for judgment on the administrative record, ECF No. 49, is **GRANTED in part**, as to defendant's motion to dismiss; and, **DENIED in part** as moot, as to defendant's motion for judgment on the administrative record;

(4) Plaintiff's cross-motion for judgment on the administrative record, ECF No. 51, is **DENIED** as moot;

(5) Plaintiff's motion to supplement the administrative record, ECF No. 18, is **DENIED** as moot;

(6) The clerk's office is directed to **ENTER** final judgment for defendant, **DISMISSING** plaintiff's amended complaint, without prejudice;

(7) On or before **September 12, 2018**, the parties shall **CONFER** and **FILE** a **Proposed Redacted Version** of this opinion, with any competition-sensitive or otherwise protectable information blacked out; and,

(8) Each party shall bear its own costs.

IT IS SO ORDERED.

                                                    s/Patricia Campbell-Smith
                                                    PATRICIA CAMPBELL-SMITH
                                                    Judge